UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00398-RJC

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **RICHARD P. MEABON and EVELYN L.** ) | |
| **MEABON,** ) | |
| ) | |
| **Debtors.** ) | **ORDER** |
| _____ ) | |
| ) | |
| **RICHARD P. MEABON,** ) | |
| ) | |
| **Appellant,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **R. KEITH JOHNSON, Trustee for the** ) | |
| **Bankruptcy Estate of Richard P. Meabon** ) | |
| **and Evelyn L. Meabon,** ) | |
| ) | |
| **Appellee.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Appellant's Notice of Appeal from Adversary Proceeding 12-03218, (Doc. No. 1), Appellant's Brief, (Doc. No. 3), and Appellee's Motion to Dismiss, (Doc. No. 5).

## I.  BACKGROUND

The background of this case has been well documented in the Bankruptcy Court's Orders, (Doc. No. 1-1; Case No. 3:14-cv-208-RJC, Doc. No. 1-1), as well as this Court's Orders relating to Appellant's previous appeals in this matter, (Case No. 3:14-cv-208-RJC, Doc. No. 10; Case No. 3:13-cv-317-RJC, Doc. No. 9).  The Court, therefore, will not recapitulate the facts again here and will add only the following as it relates to this appeal for clarity.

On April 8, 2014, Appellant's Chapter 7 discharge was revoked (the "Revocation Order")

because "he willfully made several false oaths under [11 U.S.C.] §727(a)(4) by failing to list his interests in the 1985 and 1991 Trusts." (Bankr. AP No. 12-03218, Doc. No. 36).[1] Appellant appealed the Revocation Order to this Court, arguing that Appellee had knowledge of Appellant's fraud relating to the 1985 Trust before the June 1, 2010 deadline to object to the discharge, and therefore, his discharge could not be revoked.[2] (Case No. 3:14-cv-208-RJC, Doc. No. 1). On July 30, 2014, this Court found Appellant's argument frivolous and dismissed the appeal because Appellant obtained his discharge through fraud related to the 1985 and 1991 Trusts. (Id., Doc. No. 10).

On April 8, 2015, Appellant filed a Motion for Relief from the Revocation Order pursuant to Rule 60(b) ("Rule 60(b) Motion"). (AP Doc. No. 36). Appellant's Rule 60(b) Motion sought to have the Bankruptcy Court set aside the Revocation Order and reinstate Appellant's Chapter 7 discharge. (Id.). In his Motion, Appellant argued again that Appellee had knowledge of the fraud relating to the 1985 Trust before the June 1, 2010 deadline and that Appellee made misrepresentations or misstatements to the Bankruptcy Court concerning his knowledge of these matters. The Bankruptcy Court held a hearing on the Motion on May 28, 2015. On August 13, 2015, the Bankruptcy Court issued an Order denying Appellant's Rule 60(b) Motion. (Doc. No. 1-1). That Order is the subject of this appeal. Appellant appealed the Bankruptcy Court's Order on August 28, 2015, (Doc. No. 1), and Appellee filed his Motion to Dismiss the Case as Frivolous on October 30, 2015, (Doc. No. 5). The Motion to Dismiss has been fully briefed, and it is ripe for adjudication.

---

[1] Citations to the docket in the Adversary Proceeding, Bankr. Case No. 12-03218, will hereinafter be cited as "AP Doc. No."

[2] 11 U.S.C. §727(d)(1) provides that a discharge shall be revoked if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals of the decisions of bankruptcy courts. A "bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo." In re J.A. Jones, Inc., 492 F.3d 242, 249 (4th Cir. 2007). "Findings of fact are clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Weiss, 111 F.3d 1159, 1166 (4th Cir. 1997) (internal quotation marks omitted). "Stated differently, a choice between two permissible views of the evidence cannot be clearly erroneous," 9-52 Moore's Federal Practice - Civil § 52.31 (2015), and "so long as the trial court's factual finding is plausible, the appellate court may not reverse it," Id. § 206.03; see also Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573–74 (1985).

Under Rule 9011 of the Federal Rules of Bankruptcy Procedure, the Court may dismiss a matter as frivolous if the allegations and other factual contentions do not have evidentiary support or if the denials of factual contentions are not warranted on the evidence. Fed. R. Bankr. P. 9011(b); see also Law v. Siegel, 134 S. Ct. 1188, 1198 (2014) (noting that Rule 9011 is "bankruptcy's analogue to Civil Rule 11"). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." In re Lapke, 428 B.R. 839, 844 (B.A.P. 8th Cir. 2010) (internal quotation marks omitted).

## III. DISCUSSION

A motion under Rule 60(b), which is made applicable in bankruptcy proceedings by Bankruptcy Rule 9024, "is addressed to the sound discretion of the trial judge and will not be disturbed on appeal save for a showing of abuse." Sherman v. Litton Loan Servicing, LP, No. 2:10-cv567, 2011 WL 6203256, at *1 (E.D. Va. Dec. 13, 2011) (citing Eberhardt v. Integrated

Design & Const., Inc., 167 F.3d 861, 869 (4th Cir. 1999)). A trial court abuses its discretion only when it "has acted arbitrarily or irrationally in admitting evidence, when [it] has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises." United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005) (citations and internal quotation marks omitted).

As a threshold matter, a party seeking relief under Rule 60(b) must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 206–07 (4th Cir. 1984). Once the movant makes such a showing, "[a] party seeking relief under subsection (3) of the rule must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." Square Const. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981).

Appellant's basis for his Rule 60(b) Motion is that Appellee knew of the 1985 Trust and Appellant's fraud related to that Trust prior to the June 1, 2010 deadline to object to the discharge and that Appellee made misrepresentations or misstatements to the Bankruptcy Court concerning his knowledge of these matters. After holding a hearing on January 27, 2014, the Bankruptcy Court determined that it was "unclear when exactly [Appellee] learned of the [1985] trust, but both parties agree[d] that it was after June 1, 2010." (Doc. No. 1-1 at 4; Case No. 3:14-cv-208-RJC, Doc. No. 1-1 at 8). There is evidence to support that finding, (Bankr. AP No. 12-03218, Doc. No. 47 at 98–100), and this Court finds no clear error. Furthermore, the Court agrees with the Bankruptcy Court that the evidence presented at the May 28, 2015 hearing on Appellant's Rule 60(b) Motion does not indicate that Appellee made any misrepresentations.

Moreover, it is undisputed that Appellant concealed his interest in a second trust, the

1991 Trust, and that the 1991 Trust was not uncovered until sometime in 2012. (Doc. No. 1-1 at 3). Based upon the totality of Appellant's fraudulent behavior, not simply his fraud related to the 1985 Trust, his discharge was revoked because he "made statements under oath that he knew to be false, about material matters, and [because] these statements were made willfully and with the intent to defraud." (Bankr. AP No. 12-03218, Doc. No. 21 at 9). Accordingly, the Court finds that Appellant has failed to make a showing of a meritorious defense or exceptional circumstances and that Appellant has failed to prove by clear and convincing evidence that any misconduct prevented him from fully and fairly presenting his claim or defense. Therefore, Appellant has not made the requisite showing that he is entitled to relief pursuant to Rule 60(b), and the Court finds that the Bankruptcy Court did not abuse its discretion in denying Appellant's Rule 60(b) Motion. Accordingly, Appellee's Motion to Dismiss will be **granted**.

IV. **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

1. Appellee's Motion to Dismiss Case as Frivolous, (Doc. No. 5), is **GRANTED**.
2. Appellant's Appeal from Adversary Proceeding 12-03218, (Doc. No. 1), is **DISMISSED**.
3. The Clerk of Court is directed to close this case.

Signed: June 6, 2016

Robert J. Conrad, Jr.
United States District Judge