# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cv-00398-RJC

| | |
|---|---|
| In re: ) | |
| ) | |
| **RICHARD P. MEABON and EVELYN L.** ) | |
| **MEABON,** ) | |
| ) | |
| Debtors. ) | **ORDER** |
| ——————————————— ) | |
| ) | |
| **RICHARD P. MEABON,** ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| **R. KEITH JOHNSON, Trustee for the** ) | |
| **Bankruptcy Estate of Richard P. Meabon** ) | |
| **and Evelyn L. Meabon,** ) | |
| ) | |
| Appellee. ) | |
| ——————————————— ) | |

**THIS MATTER** comes before the Court on Appellee's Motion for Damages and Costs for Frivolous Appeal Pursuant to Bankruptcy Rule 8020, (Doc. No. 11), and Appellee's Motion to Require Appellant to Post Bond Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, (Doc. No. 16), and Appellant's Response in Opposition thereto, (Doc. No. 18). All deadlines have passed for additional responses and Appellee's two motions are ripe for adjudication.

## I.   BACKGROUND

The background of this case has been well documented in the Bankruptcy Court's Orders, (Doc. No. 1-1; Case No. 3:14-cv-208-RJC, Doc. No. 1-1), as well as this Court's Orders relating to Appellant's previous appeals in this matter, (Case No. 3:14-cv-208-RJC, Doc. No. 10; Case No.

3:13-cv-317-RJC, Doc. No. 9). The Court, therefore, will not recapitulate the facts again here and will add only the following as it relates to this appeal for clarity.

On April 8, 2015, Appellant filed a Motion for Relief from the Revocation Order pursuant to Rule 60(b) ("Rule 60(b) Motion"). (Bankr. A.P. No. 12-03218, Doc. No. 36). Appellant's Rule 60(b) Motion sought to have the Bankruptcy Court set aside the Revocation Order and reinstate Appellant's Chapter 7 discharge. (Id.). In his Motion, Appellant argued again that Appellee had knowledge of the fraud relating to the 1985 Trust before the June 1, 2010 deadline and that Appellee made misrepresentations or misstatements to the Bankruptcy Court concerning his knowledge of these matters. The Bankruptcy Court held a hearing on the Motion on May 28, 2015. On August 13, 2015, the Bankruptcy Court issued an Order denying Appellant's Rule 60(b) Motion. (Doc. No. 1-1). Appellant appealed the Bankruptcy Court's Order on August 28, 2015, (Doc. No. 1), and Appellee filed his Motion to Dismiss the Case as Frivolous on October 30, 2015, (Doc. No. 5). This Court granted Appellee's Motion to Dismiss on June 6, 2016. (Doc. No. 9). Appellant then appealed this Court's decision to the Fourth Circuit and that appeal is still pending. (Doc. No. 11). During the pendency of Appellant's appeal to the Fourth Circuit, Appellee filed both of the instant motions. Appellant only responded to Appellee's Motion for Damages and Costs and Appellee did not file a reply thereto.

**II.    DISCUSSION**

1. <u>Motion for Damages and Costs for Frivolous Appeal Pursuant to Bankruptcy Rule 8020</u>

Bankruptcy Rule 8020 provides that when a "district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court…award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020. Courts implement a two-part test in determining whether a motion

for sanctions is appropriate regarding a frivolous bankruptcy appeal; first, whether the appeal is frivolous, and then whether it is an appropriate case for the imposition of sanctions. The decision to grant a motion for sanctions rests within the discretion of the district court. Leliever v.Ward, 2013 U.S. Dist. LEXIS 64331, *3 (W.D.N.C. May 6, 2013) (*citing* National Energy &Gas Transmission, Inc., 2009 U.S. Dist. LEXIS 62695, *4 (D. Md. July 22, 2009)).

Having carefully considered the motion, the record, and applicable authority, the undersigned will deny Appellee's Motion for Damages and Costs. Although this is the second time this Court has dismissed as frivolous an appeal by Appellant from a bankruptcy court decision, the Court does not view Appellant's conduct as warranting sanctions. The Court cautions Appellant that future appeals that are deemed to be frivolous may not be treated with such favor, especially in light of what appears to be a pattern of frivolous appeals.

2. <u>Motion to Require Appellant to Post Bond Pursuant to Rule 7 of the Federal Rules of Appellate Procedure</u>

Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. On its face, Rule 7 grants district courts discretion to require a bond. The purpose of Rule 7 is to protect appellees where it appears that an appellant will be unable to pay the costs of the appeal. See Adsani v. Miller, 139 F.3d 67, 75 (2d Cir. 1998). Although the Fourth Circuit has not set forth a specific test governing Rule 7 costs bonds, other courts have noted the following relevant factors: "(1) whether there is a risk of non-payment in the event that the appellants lose their appeal, (2) any previous bad faith or vexatious conduct on part of the appellants, and (3) the likely merits of the appeal." Noatex Corp. v. King Const. of Houston, L.L.C., 732 F.3d 479, 489 (5th Cir. 2013)

(citing Adsani, 139 F.3d at 78–79; In re Am. President Lines, Inc., 779 F.2d 714, 716–17 (D.C.Cir.1985); Tri–Star Pictures Inc. v. Unger, 32 F.Supp.2d 144, 147–49 (S.D.N.Y.1999)).

Appellee's argument centers on the depletion of the bankruptcy estate reserves, preventing Appellee from securing his costs and fees from defending this appeal. (Doc. No. 16 at 4–5). According to Appellee, this is an undue financial burden and defies principles of equity and justice. (Id.). Appellee does not question Appellant's ability to pay any costs associated with the appeal. On the other hand, the Court would be remiss not to note that the underlying suit is a Chapter 7 Bankruptcy filed by Appellant. In response, Appellant essentially argues that any Rule 7 costs are de minimis because attorneys' fees do not constitute costs under these circumstances[1] and that Appellee has not adequately outlined the costs that should be subject to a bond. (Doc. No. 18).

Appellant is correct that Appellee has not specifically outlined any costs that should be subject to a potential Rule 7 bond. The closest Appellee comes to providing a specific amount is referring to the $24,523.34 in expenses, including attorney's fees, that are the subject of

---

[1] Whether anticipatory attorneys' fees can be included as part of a Rule 7 costs bond is the subject of a circuit court split. The majority of circuits either preclude attorneys' fees in Rule 7 costs bonds or only allow attorneys' fees to be included where attorneys' fees are expressly recoverable as costs under the underlying substantive statute, which is not the case here. See Tennile v. Western Union Co., 774 F.3d 1249, 1254–55 (10th Cir. 2014) (analyzing the D.C., Second, Third, Ninth, and Eleventh Circuits as falling into one of the above categories; the D.C. and Third Circuit being the two jurisdictions that do not ever allow attorneys' fees in Rule 7 costs bonds). The minority of circuits, including the First and Sixth Circuits, take broader approaches to Rule 7 costs bonds, allowing more generous inclusion of attorneys' fees in costs bonds. Id. at 1255. See also, 16A Wright et al., Federal Practice & Procedure § 3953 (4th ed. 2016) (discussing the history of Rule 7 and the current circuit split regarding attorneys' fees). Appellee has not pointed to any statutes or rules that would warrant an award of attorneys' fees such that they could be classified as costs of appeal. Accordingly, only under the minority approach could Appellee potentially be awarded attorneys' fees as part of a cost bond. This Court declines to adopt the minority approach absent specific guidance from the Fourth Circuit, and because it believes the weight of reason is with the majority, more restrictive approach to the inclusion of attorneys' fees in Rule 7 costs bonds.

Appellee's Motion for Damages and Costs relating to costs associated with litigating the appeal to this court. (Doc. No. 16 at 5). This imprecise request gives the Court little guidance on Appellee's specific request of the Court. See Madison Oslin, Inc. v. Interstate Resources, Inc., 2016 WL 1274094, at *2 (D. Md. Apr. 1, 2016), appeal docketed, No. 16-1434 (4th Cir. Apr. 18, 2016) (denying Rule 7 motion where Appellee had not "specified what portion of the total constitutes costs rather than anticipated attorneys' fees," noting that "the Court has no basis upon which to apply Rule 7"). Moreover, a Rule 7 bond only covers appellate costs, not costs accrued in district court. See U.S. for Use of Terry Inv. Co. v. United Funding and Investors, Inc., 800 F. Supp. 879, 882 (E.D. Cal. 1992); Central Mfg. Co. v. B-M-K Corp., 160 F. Supp. 318, (D. Del. 1958).

Regarding the factors outlined in Noatex, the Court finds little reason to impose a cost bond requirement. Given the likely low costs for Appellee to litigate the appeal to the Fourth Circuit, there is not a high risk of non-payment, nor would Appellee be at a great loss if non-payment occurred. Appellee has not submitted any evidence that Appellant will not be able to pay any costs or judgment assessed at a later date. Indeed, Appellee acknowledges that the bankruptcy estate reserves have been distributed and the case fully administered. (Doc. No. 16 at 4). In other words, Appellant is not currently on the hook for a judgment that is in risk of not being satisfied. Additionally, Appellant's behavior in this appeal—notwithstanding his fraudulent conduct throughout the underlying case—does not rise to the level of "bad faith or vexatious conduct." Last but not least, Appellee has recourse if the Fourth Circuit deems Appellant's appeal to be frivolous. Rule 38 of the Rules of Federal Appellate Procedure governs damages and costs for frivolous appeals, but such a determination lies with the Fourth Circuit, not this Court. Fed. R. App. P. 38.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Appellee's Motion for Damages and Cost for Frivolous Appeal Pursuant to Bankruptcy Rule 8020, (Doc. No. 11), is **DENIED**.

2. Appellee's Motion to Require Appellant to Post Bond Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, (Doc. No. 16), is **DENIED**.

Signed: January 25, 2017

Robert J. Conrad, Jr.
United States District Judge